IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-019-RJC-DCK

| | |
|---|---|
| SUSAN K. CARPENTER, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM DOUGLAS MANAGEMENT, INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC. d/b/a HOMEWISEDOCS.COM, <br><br> Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on William Douglas Management, Inc.'s "Motion To Dismiss" (Document No. 13 ); NextLevel Association Solutions, Inc.'s "Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 15); "Plaintiff's Motion To Remand" (Document No. 19); and Defendants' "Joint Motion To Stay" (Document No. 36). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss and remand be <u>denied</u> and that the motion to stay be <u>granted</u>.

### I. BACKGROUND

Susan K. Carpenter, as trustee of the H. Joe King, Jr. Revocable Trust, on behalf of itself and all others similarly situated ("Plaintiff" or "Carpenter"), initiated this action with the filing of a Complaint in the Superior Court of Mecklenburg County, North Carolina, on or about June 23, 2020. (Document No. 1, p. 1). The original Complaint only brought claims against William Douglas Management, Inc. ("WMD"). <u>Id.</u>

On or about September 24, 2020, Plaintiff filed an "Amended Class Action Complaint" against WMD and NextLevel Association Solutions, Inc., d/b/a Homewisedocs.com ("HomeWise") (together with WMD, "Defendants"). (Document No. 1-3); see also (Document No. 1, pp.1-2). Plaintiff alleges that "Defendants systematically and unlawfully charge exorbitant 'transfer fees' in the hundreds of dollars to sellers of residential real estate properties." (Document No. 1-2, p. 1). Plaintiff further alleges that Defendants charge the seller of real property a "transfer fee" to provide a statement of unpaid assessments certifying what, if any, unpaid assessments the seller owes a home owners association ("HOA") or condo owners association ("COA") (collectively, "OAs"). (Document No. 1-3, pp. 1-2).

Defendant WMD has a principal office in Charlotte, North Carolina and "provides property management services to OAs throughout North Carolina." (Document No. 1-3, p. 4). Defendant HomeWise has a principal office in Fairfield, Connecticut and "provides Internet-accessible software based on automated processing systems that enable property managers, including William Douglas, to provide data and documents for real estate transactions." Id.

According to the Complaint, on or about April 2, 2020, Plaintiff was charged $150 by Defendant WMD to confirm that a property on Archdale Drive in Charlotte, North Carolina "was current on the payment of assessments to the OA at the time of the sale of the property." (Document No. 1-3, p. 3). In addition, the Complaint asserts that on or about April 3, 2020, Plaintiff was charged a total of $215 by WMD, and $40 by HomeWise for closing letters and document packages, including transfer fee(s), to confirm that a property at 8917 Hunter Ridge Drive in Charlotte, North Carolina, "was current on the payment of assessments to the OA at the time of the sale of the property." (Document No. 1-3, pp. 3-4).

2

The Amended Complaint asserts claims for: (1) violations N.C. Gen. Stat. § 39A-1, *et seq.* (the "Transfer Fee Covenant Prohibition Act"); (2) violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* (the "UDTPA"); (3) violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-*50 et seq.* (the "Debt Collection Act"); (4) negligent misrepresentation; (5) unjust enrichment, (6) civil conspiracy; and (7) declaratory judgment. (Document No. 1, p. 2; Document No. 1-3, pp. 25-36).

Defendant HomeWise filed a "Notice Of Removal…" (Document No. 1) with this Court on January 13, 2021.[1] In removing the action to this Court, Defendant HomeWise asserts that

> this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ( "CAFA") because (1) this action is a class action where Plaintiff and other putative class members are citizens of a State different from HomeWise, 28 U.S.C. § 1332(d)(2)(A); (2) the matter in controversy exceeds the sum or value of $5,000,000, 28 U.S.C. § 1332(d)(2); and (3) the number of members of all proposed classes in the aggregate is more than 100, 28 U.S.C. § 1332(d)(2), (5)(B).

(Document No. 1, p. 3).

On February 3, 2021, Defendant WMD filed its "Motion To Dismiss" (Document No. 13) pursuant to Fed.R.Civ.P. 12(b)(6), and Defendant HomeWise filed its "Motion To Dismiss…"

---

[1] Notably, on January 20, 2021, Defendant HomeWise removed a nearly identical lawsuit from the Superior Court of Cabarrus County, North Carolina to the United States District Court for the Middle District of North Carolina. <u>Dernoshek, et al. v. NextLevel Association Solutions, Inc. et al.</u>, 1:21-CV-056-CCE-JLW, Document No. 1 (M.D.N.C. Jan. 20, 2021); <u>see also</u> (Document Nos. 33 and 33-1). Plaintiff Dernoshek is represented by the same counsel as Plaintiff Carpenter, and Plaintiffs assert the exact same claims against HomeWise and its co-defendants in both cases. <u>Id.</u> The Honorable Catherine C. Eagles denied Plaintiff Dernoshek's motion to remand and denied Defendants' motions to dismiss. <u>See</u> (Document Nos. 30 and 33).

It also appears that Plaintiffs' counsel filed another similar action in the Superior Court of Mecklenburg County on May 27, 2020, that was later dismissed by the Honorable Lisa C. Bell, on December 16, 2020, and is currently on appeal to the North Carolina Court of Appeals. <u>Joseph Fleming et al v. Cedar Management Group, LLC</u>, File No. 20-CVS-7460; <u>see also</u> (Document No. 16-3; Document No. 36).

3

(Document No. 15) pursuant to Fed.R.Civ.P. 8(a), 9(b), and 12(b)(6). "Plaintiff's Consolidated Memorandum In Opposition To Defendants' Motions To Dismiss" (Document No. 28) was filed on March 10, 2021; and Defendants' Replies (Document Nos. 31 and 32) were filed on March 31, 2021.

"Plaintiff's Motion To Remand" (Document No. 19) pursuant to 28 U.S.C. § 1447 was filed on February 12, 2021, alleging that removal to this Court pursuant to the Class Action Fairness Act ("CAFA") was improper. "HomeWise's Memorandum In Opposition…" (Document No. 21) was filed on February 26, 2021; and "Plaintiff's Reply…" (Document No. 22) was filed on March 5, 2021.

Defendants' "Joint Motion To Stay" (Document No. 36) was filed on September 9, 2021. Defendants now seek to stay the proceedings in this case until the North Carolina Court of Appeals issues a decision in Joseph Fleming et al v. Cedar Management Group, LLC. (Document No. 36). Plaintiff filed a "Memorandum In Opposition…" (Document No. 37) on September 23, 2021.

The pending motions are now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1447:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

Pursuant to Federal Rule of Civil Procedure 9: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

5

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

### A. Plaintiff's Motion To Remand

"Plaintiff's Motion To Remand" contends that

> Defendants have failed to carry their burden of demonstrating by a preponderance of the evidence that this action meets CAFA's jurisdictional threshold of more than $5 million in controversy as required by 28 U.S.C. § 1332(d), and [that] the action falls under CAFA's Local Controversy Exception which requires the Court to decline to exercise jurisdiction over this matter.

(Document No. 19, p. 1).

Plaintiff notes that the Supreme Court has clarified that "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (Document No. 20, p. 4) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014)). "However, if challenged by the plaintiff or the court, 28 U.S.C. § 1446(c)(2)(B) requires a district [court] to find 'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdiction threshold." Id. (citing Dart, 135 S.Ct. at 553-554). Plaintiff argues that HomeWise "has not submitted any evidence or documentation in support of its assertion" that the amount in controversy satisfies CAFA, and therefore, "HomeWise has not established by a preponderance of the evidence that the jurisdictional amount has been met." (Document No. 20, p. 5).

Next, Plaintiff argues that this case must also be remanded because "Plaintiff's action satisfies the Local Controversy Exception to CAFA." (Document No. 20, p. 6). Plaintiff summarizes the Local Controversy Exception as follows:

6

> CAFA requires a district court to decline to exercise jurisdiction over certain class actions in which: (1) greater than two-thirds of the members of all proposed plaintiff classes—in the aggregate—are citizens of the State in which the action was originally filed; (2) at least one defendant from whom significant relief is sought, and whose alleged conduct forms a significant basis for the class claims, is a citizen of the State in which the action was commenced; (3) the principal alleged injuries were incurred in the State in which the action was filed; and (4) **during the three years prior to filing, no other class action asserting similar factual allegations was filed**. 28 U.S.C. § 1332(d)(4)(A).

Id. (Emphasis added).

Plaintiff contends all four prongs of the Local Controversy Exception are satisfied. (Document No. 20, pp. 7-10). Plaintiff acknowledges that a separate class action was recently removed to federal court involving a different property manager and HomeWise. (Document No. 10, p. 10, n. 10) (citing Dernoshek v. First Service Residential, Inc. et al.). Plaintiff seems to suggest that prong four of the Exception does not apply because the lawsuits name different property managers and thus different classes. Id.

In response, Defendant HomeWise first notes this case and Dernoshek are "two nearly identical putative class actions brought by Plaintiff's counsel in June 2020 that assert virtually indistinguishable allegations against HomeWise." (Document No. 21, p. 7). Moreover, "Plaintiff seeks thousands in damages for each of the 'hundreds, if not thousands' of class members she seeks to represent." Id.

HomeWise goes on to contend that by "multiplying a conservative estimate of the damages Plaintiff expressly seeks . . . by the 'hundreds, if not thousands,' of putative class members she seeks to represent," the CAFA jurisdictional threshold of $5 million is easily met. (Document No. 21, pp. 9, 11-12). HomeWise concludes that Plaintiff seeks over $34 million in damages. (Document No. 21, p. 12).

Regarding the CAFA Local Controversy Exception, HomeWise argues that Plaintiff offers no evidence to support prongs one or four. (Document No. 21, p. 14). First, HomeWise alleges that Plaintiff "presents no evidence to even suggest that greater than two-thirds of the class members of the proposed class were citizens of North Carolina at the time Plaintiff served HomeWise with the Complaint." (Document No. 21, p. 15). According to HomeWise, the class definitions in the Complaint say nothing of North Carolina, contain no geographic limitations, and neither Defendant limits its operations to North Carolina. Id.

In addition, HomeWise argues that the Dernoshek case precludes Plaintiff from satisfying prong four of the Local Controversy Exception. (Document No. 21, p. 17). HomeWise notes that it was named in both cases, within three years, and that the factual allegations are virtually identical. Id. (citations omitted). HomeWise further notes that less than three years prior to this action it was also a defendant in two actions in Illinois with similar factual allegations. (Document No. 21, p. 18).

Defendant HomeWise concludes that there is "no credible dispute that this case satisfies CAFA jurisdiction" and that "this burdensome copycat trend is the exact type of situation Congress sought to carve out of the local controversy exception." (Document No. 21, p. 22).

The parties' Reply and Sur-Reply mostly re-assert and expand the same arguments. (Document Nos. 22 and 29). Also significant to the undersigned's consideration of the motion to remand is Defendant's "Notice Of Supplemental Authority" (Document No. 30), noting that on March 19, 2021, Judge Eagles issued a decision in the Dernoshek case denying remand to state court. (Document No. 30 and 30-1); see also Dernoshek v. FirstService Residential, Inc., et al., 2021 WL 1060208 (M.D.N.C. Mar. 19, 2021).

8

Case 3:21-cv-00019-RJC-DCK   Document 38   Filed 09/24/21   Page 8 of 12

Judge Eagles held that the "court has subject matter jurisdiction over this class action, which has more than 100 class members, an amount in controversy exceeding $5,000,000, and minimally diverse parties." Dernoshek, 2021 WL 1060208, at *1. Judge Eagles further held that "Mr. Dernoshek has not established that the 'local controversy' exception applies." Id. Judge Eagles seemed to largely base her decision on the fact that "another class action has been filed within the relevant time 'asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.'" 2021 WL 1060208, at *3 (citing 28 U.S.C. § 1332(d)(4)(A)(ii)). "Specifically, another individual seller of real property has filed the same claims against HomeWise in *Carpenter v. William Douglas Management, Inc.*, No. 3:21-cv-00019-RJC-DCK, Doc. 1-3 (W.D.N.C. Jan. 13, 2021)." Id. In short, Judge Eagles concluded that Dernoshek and Carpenter (this case) are so closely related that the local controversy exception does not apply, and remand is not required. 2021 WL 1060208, at *4.

The undersigned finds Judge Eagles' opinion to be most instructive, and Defendant HomeWise's arguments to be persuasive; therefore, the undersigned will respectfully recommend that remand be denied.

**B. Defendants' Motions To Dismiss and Joint Motion To Stay**

While Judge Eagles' "Memorandum Opinion And Order" is instructive on the issue of remand, her one-page "Order" denying defendants' motions to dismiss in Dernoshek v. FirstService Residential, Inc., et al., provides less guidance. See (Document No. 33-1). The Order simply states that "[t]he Court concludes that the complaint states a claim on which relief may be granted and that defendants' arguments are better addressed in the context of a more developed factual record." Id.

9

As noted above, Judge Bell, in the Superior Court of Mecklenburg County, reached the opposite conclusion – granting dismissal - in the similar case of <u>Joseph Fleming et al v. Cedar Management Group, LLC</u>, but did so with equal brevity.  See (Document No. 16-3).

The crux of Defendants' recently filed "Joint Motion To Stay" is that this Court should wait until the North Carolina Court of Appeals has issued an opinion in the appeal of Judge Bell's decision in <u>Fleming</u> before taking any further action in this case.  (Document No. 36 and 36-1).

Defendants argue that a stay is warranted because this case "which rests upon a novel and inventive reading of Chapter 39A of the North Carolina General Statutes (the "Transfer Fee Covenant Prohibition Act" or the "Act"), [and] raises issues of first impression, which include, most notably, whether fees charged by a property management company for providing to a homeseller a statement of unpaid owners' association assessments can constitute an unlawful 'transfer fee' under the Act."  (Document No. 36-1, p. 4).

Defendants further argue that "[t]his exact question of state law is now before the North Carolina Court of Appeals in *Fleming*" and that "[t]he forthcoming *Fleming* decision will be controlling in this case with respect to questions of North Carolina law."  <u>Id.</u>  Defendants urge this Court "to avoid the possibility of inconsistent interpretations of North Carolina's laws and to conserve the resources of the Court and the parties."  <u>Id.</u>

Although Plaintiff seeks to remand this case back to state court, she opposes a stay because a "ruling by the North Carolina Court of Appeals is not *binding* on this Court" and "a negative ruling would not be dispositive of *all* of Plaintiff's claims."  (Document No. 37, p. 2) (emphasis added).

The undersigned finds Defendants' arguments for a stay to be logical, well-reasoned, and in the best interests of judicial economy.  (Document No. 36-1).  The issues presented by the

10

pending motions to dismiss present a much closer call than the motion to remand. As such, the undersigned agrees that the decision in Fleming will likely have a direct impact on this case, and the Dernoshek case. (Document No. 36-1, p. 8). While a possible delay in this action is regrettable, the undersigned is persuaded that it will cause Plaintiff little, if any, prejudice.

The undersigned is convinced that the parties, counsel, and the Court will benefit from a stay pending a decision by the North Carolina Court of Appeals. An opinion by the appellate court on Fleming is likely to be instructive to the other courts currently considering Chapter 39A and related issues. It appears that the potential benefits of such guidance outweigh any potential harm to Plaintiff.

Under these circumstances, the undersigned will recommend that the requested stay be allowed, and will further recommend that the pending motions to dismiss be denied, without prejudice to Defendants re-filing similar dispositive motions – if necessary and appropriate – after a decision in Fleming.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that William Douglas Management, Inc.'s "Motion To Dismiss" (Document No. 13 ) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that NextLevel Association Solutions, Inc.'s "Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 15) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion To Remand" (Document No. 19) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendants' "Joint Motion To Stay" (Document No. 36) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the parties be required to file a Joint Status Report on **December 15, 2021**, and every **ninety (90) days** thereafter, until the North Carolina Court of Appeals issues an opinion in <u>Joseph Fleming et al v. Cedar Management Group, LLC</u>. At that time, the parties should be required to file a Notice Of Supplemental Authority, jointly if possible, that attaches the North Carolina Court of Appeals opinion and describes the parties' views on the impact of that decision on this case.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>United States v. Benton</u>, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Id.</u> "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" <u>Martin v. Duffy</u>, 858 F.3d 239, 245 (4th Cir. 2017) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: September 24, 2021

David C. Keesler
United States Magistrate Judge